Christopher R. Houk., Bar No. 020843
**GILLESPIE, SHIELDS, DURRANT & GOLDFARB**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Facsimile:  (602) 870-9783
chouk@gillaw.com

Send all Court Documents to:
mailroom@gillaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILBUR SARGEANT, | Case No.: |
| Plaintiff, | **CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| BLUE STREAM PROFESSIONAL SERVICES, LLC, | |
| Defendant. | |

## NATURE OF THE ACTIONS

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age. Defendant Blue Stream Professional Service unlawfully terminated Plaintiff Wilbur Sargeant's employment because of his age.

## JURISDICTION AND VENUE

1.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 451 , 1331, and 29 U.S.C. § 626 (c.)

2. Venue is proper pursuant to 28 U.S.C. § 1331(e). The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona, and Sargeant resides in Arizona.

## THE PARTIES

3. Plaintiff Wilbur Sargeant is, and at all relevant times, has been a resident of Maricopa County, Arizona and may bring this action pursuant to 29 U.S.C. § 626 (c).

4. Defendant, Blue Stream Professional Services, LLC, ("Blue Stream") is, and at all relevant times has been, operating and doing business in the State of Arizona.

5. At all relevant times, Sargeant has been an employee as defined by 29 U.S.C. § 630(f).

6. At all relevant times, Blue Stream has been an employer as defined by 29 U.S.C. § 630(b).

7. All conditions precedent to filing a lawsuit have been met. *See* 29 U.S.C. § 626.

## BACKGROUND

8. Sargeant repeats and realleges each allegation of this complaint as if fully set forth in this claim.

9. Blue Stream hired Sargeant in January 2013 as a Distributive Antennae Systems (DAS) Lead.

10. From the start of his employment, Blue Stream managers and supervisors made disparaging comments about Sargeant's age. For example:

    a. In January 2013, JT Eckbloom, who was in his 30s and Blue Stream's Operations manager for AT&T account, told Sargeant, "You're older than TV."

    b. In March 2013, Phil Royce, Sargeant's direct supervisor and DAS Installation Supervisor for California and Arizona, in his 40's, said, "You're too old to work this job. Eric Satterwhite should have asked me [before hiring you]." And "Can you even climb a ladder?"

    c. In January 2014, Sargeant took a class with some coworkers. Gary Gale, Regional Manager, was present when Sargeant stumbled as he got up to walk. One of the guys in the class said, "You want me to get your walker?" The group laughed. Gale took no action to correct the comments based on age. Gale acknowledged that others believed Sargeant was too old to be doing the job. "Why do they think you're so old?" He also stated: "Us old guys have to stick together."

11. Sargeant performed his job duties satisfactorily. Sargeant earned praise for his work. For example:

    a. On April 8, 2013, Philip Royce complemented Sargeant in an email saying he did a "great job."

    b. Also, on April 10, 2014, Bishop Hall, a supervisor, praised Sargeant saying Sargeant was "extremely valuable in getting everything completed," and on the same day a technician, Bill Wood, said he "did an excellent job."

    c. Finally, on April 14, 2014, Hall reached out again and said to Sargeant, "I just wanted to thank you again for all of the help and your work up in MT. You really helped out and did a great job on all of the projects."

12. Although Blue Stream gave him a PIP in May 2013, Blue Stream rescinded it after Sargeant challenged it. Sargeant denies having issues regarding performance that warranted termination.

13. Despite his good work, on April 30, 2014, Blue Stream terminated his employment without warning. At the time of his termination, Sargeant was 59 years old.

14. After Blue Stream terminated Sargeant's employment, it replaced Sargeant with an employee approximately who was about 25 to 30 years younger than Sargeant.

15. On June 9, 2014, Sargeant filed a charge of discrimination with the EEOC alleging that he was discriminated against on the basis of his age.

16. Upon information and belief, Blue Stream's supervisors and management knew that it was against federal law to terminate Sargeant's employment because of his age.

17. On January 28, 2016, the EEOC issued a right to sue letter.

## **CLAIM FOR RELIEF**

**(Unlawful Termination - Age Discrimination in Employment Act, 29 U.S.C. § 623)**

18. Sargeant repeats and realleges each allegation of this complaint as if fully set forth in this claim.

19. The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1), prohibits employers from terminating their employees because of age.

20. Blue Stream violated the ADEA when it terminated Sargeant's employment because of his age.

21. As a direct and proximate result of the conduct of Blue Stream, Sargeant lost wages, in an amount to be proven at trial.

22. Blue Stream's unlawful employment practices were willful within the meaning of the ADEA, 29 U.S.C. § 626(b).

Sargeant requests Judgment against Blue Stream as follows:

   A. For a declaration that Blue Stream violated Sargeant's rights under the ADEA;

B. For injunctive relief, including a permanent injunction prohibiting Blue Stream from engaging in age discrimination;

C. For relief to make whole Sargeant and affirmative relief necessary to eradicate the effects of Blue Stream's unlawful practices, including, but not limited to, paying Sargeant lost wages, including back pay, and benefits, and unpaid overtime;

D. For reinstatement or, in lieu of reinstatement, front pay;

E. For interest on the above amounts at the highest legal rate from the date of Judgment until paid in full;

F. For liquidated damages;

G. For reasonable attorneys' fees;

H. For all costs of suit; and

I. For such other and further relief as is proper and just.

## JURY TRIAL DEMAND

Sargeant requests a jury trial on all questions of fact raised by its Complaint.

DATED this 25th day of April, 2016.

GILLESPIE SHIELDS DURRANT & GOLDFARB


By   /s/ Christopher R. Houk
     Christopher R. Houk
     *Attorneys for Plaintiff*